**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| ORTHOMED STAFFING PLLC,<br><br>Plaintiff,<br><br>v.<br><br>ANGELINA JORDAN ASTAR et al.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:26-CV-01970-E |

**ORDER AND OPINION**

Before the Court is Plaintiff OrthoMed Staffing, PLLC's Motion for Extension of Time to Serve Process and for Substituted Service on Defendants Michael Astar and Angelina Jordan Astar (ECF No. 6)(the "Motion"). Having considered the Motion, the supporting materials, and applicable law, the Court **GRANTS** the Motion.

## I. BACKGROUND

OrthoMed filed its Original Complaint on June 15, 2026, asserting claims against Angelina Jordan Astar, Michael Astar, and A Star Entertainment, LLC.[1] A Star Entertainment, LLC has been served, but the individual Defendants have not.[2] Plaintiff identifies 711 Cole Ave, PH 16, Los Angeles, California 90038 as Michael Astar's residence but has been unable to confirm a current residential address for Angelina Jordan Astar.[3] Plaintiff states that it made six attempts to

[1] PI.'s Mot. ¶ 1, ECF No. 6.
[2] *Id.* at ¶¶ 1–4.
[3] *Id.* at ¶¶ 2–3.

serve Michael Astar at the Cole Avenue residence on different days and at different times.[4] The Rule 4(m) service deadline fell on September 14, 2026, and Plaintiff filed the Motion that day.[5]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(m), if a plaintiff shows good cause for failing to serve a defendant within 90 days after the complaint is filed, the Court must extend the time for service. Fed. R. Civ. P. 4(m). Even absent good cause, the Court may grant a discretionary extension. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). To establish good cause, a plaintiff must show at least excusable neglect, as well as good faith and a reasonable basis for failing to serve within the prescribed period. *Id.* at 512.

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual by following state law for serving a summons in the state where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Because this Court sits in Texas, Plaintiff may use a method permitted by Texas law. Texas Rule of Civil Procedure 106(b) permits substituted service upon a sworn statement that lists a location where the defendant can probably be found and specifically describes unsuccessful attempts to serve the defendant there under Rule 106(a)(1) or (a)(2). Tex. R. Civ. P. 106(b). A nonresident may be served in the same manner as a Texas resident. Tex. R. Civ. P. 108. Any alternative method must be reasonably effective to give the defendant notice of the suit. Tex. R. Civ. P. 106(b)(2); *Ancrum v. Lyft, Inc.*, 722 F. Supp. 3d 642, 644 (N.D. Tex. 2024).

## III. ANALYSIS

### 1. Extension Request

The record establishes good cause. Plaintiff retained a licensed process server who made six documented attempts to serve Michael Astar at his identified residence on different days and

---

[4] *Id*. at ¶¶ 6–7.
[5] *Id*. at ¶ 5.

at different times over approximately three weeks.[6] The process server's sworn statement reflects that, on multiple occasions, an occupant appeared to be inside the residence but did not answer the door.[7] Plaintiff also conducted public-record and skip-trace searches in an effort to locate Angelina Jordan Astar.[8] Plaintiff filed the Motion within the service period, and the requested extension will not prejudice either individual Defendant. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325-26 (5th Cir. 2008).

Accordingly, the Court **GRANTS** Plaintiff's request to extend the deadline to serve Michael Astar and Angelina Jordan Astar by 60 days until **November 15, 2026**, after entry of this Order.

2. Substitution of Service

Plaintiff has satisfied Rule 106(b) as to Michael Astar. The sworn materials identify 711 Cole Ave, PH 16, Los Angeles, California 90038 as his residence, corroborate that address through Westlaw PeopleMap and IDICORE searches, and detail six unsuccessful attempts at personal service there.[9] Under these circumstances, the requested methods of substituted service are reasonably calculated to apprise Michael Astar of this action and afford him an opportunity to respond. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Plaintiff is therefore authorized to serve Michael Astar by any one or more of the following methods:

(a) leaving a copy of the summons and Complaint with any person older than sixteen years of age at 711 Cole Ave, PH 16, Los Angeles, California 90038;

---

[6] *Id.* at ¶ 6.
[7] *Id.* at ¶ 7.
[8] *Id.* at ¶ 16.
[9] *Id.* at ¶ 6.

(b) securely affixing a copy of the summons and Complaint to the main entry door of that residence;

(c) mailing a copy of the summons and Complaint to that address by first-class mail and certified mail, return receipt requested; or

(d) emailing a copy of the summons and Complaint to contact@angelinajordanofficial.com.

Plaintiff has satisfied Rule 106(b) as to Angelina Jordan Astar. Plaintiff's sworn materials reflect that public-record and skip-trace searches through Westlaw PeopleMap and IDICORE did not identify a reliable current residence for Angelina Jordan Astar.[10] Those materials identify angelinajordanofficial.com as her official website, show that the website publishes two contact email addresses, and identify @angelinajordana as her public Instagram account with recent activity.[11] In deciding whether electronic service is reasonably effective, courts consider whether the account belongs to the defendant and whether the defendant regularly or recently used it. *Tepozteco v. Batteast*, No. 3:25-CV-172-S, 2025 WL 1756377, at *2-3 (N.D. Tex. June 25, 2025). The evidence connects the website, email addresses, and Instagram account to Angelina Jordan Astar and reflects recent use of the Instagram account.[12] Service through these channels is therefore reasonably effective to give her notice of this suit and an opportunity to respond. Tex. R. Civ. P. 106(b)(2).

Plaintiff is therefore authorized to serve Angelina Jordan Astar by any one or more of the following methods:

(a) email to contact@angelinajordanofficial.com;

---

[10] *Id.* at ¶ 16.
[11] *Id.* at ¶ 18.
[12] *Id.* at ¶ 18.

(b) email to post@angelinajordanofficial.com; or

(c) transmitting the summons and Complaint, or a link to those documents, through Angelina Jordan Astar's public Instagram account (@angelinajordana).

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion (ECF No. 6). Plaintiff's deadline to serve Michael Astar and Angelina Jordan Astar is extended to 60 days after entry of this Order until **November 15, 2026**, and Plaintiff is authorized to effect substituted service by any one or more of the methods specified above.

**SO ORDERED** on this **16th day of September, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE